**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NORMAN HOEWISCHER,

    Plaintiff,

vs.                                                                                    CASE NO. 3:11-cv-131-J-34TEM

MARY A. ALBERT,

    Defendant.
_____

## O R D E R

It has come to the Court's attention that Plaintiff filed the Motion for Clerk's Entry of Default Against Defendant (Doc. #5) on May 9, 2011 and the Clerk entered default on May 10, 2011 (Doc. #6). However, review of the record reveals that Defendant's answer (Doc. #8) was also filed on May 10, 2011. The return of service filed with the Court (Doc. #4) indicates Defendant was served with the complaint on February 23, 2011. Thus, Defendant's responsive pleading should have been filed within twenty-one (21) days, or by March 16, 2011. Fed. R. Civ. P. 12(a)(1)(A)(I).

The Court notes Defendant Albert is currently proceeding on a *pro se* basis and seeks an enlargement of time to fulfill her obligations as a party to this suit so that she can secure legal counsel (*see* Doc. #7 at 3).[1] Defendant also states she responded to the complaint with the writing of a letter to Plaintiff's counsel that was sent on March 17, 2011 (Doc. #7 at 1). While Albert's answer was filed well after the time frame allowed for response to a complaint (*see* Fed. R. Civ. P. 12(a)(1)(A)), the Court will treat her *pro se*

---

[1] The motion contained within Plaintiff's answer is recorded in the record under docket entry number 8.

status as extenuating circumstances. *Cf. Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (finding pleadings of *pro se* litigants are to be construed more liberally than those filed by professional attorneys); *Moore v. Schlesinger*, 150 F.Supp.2d 1308, 1311 (M.D. Fla. 2001) *citing Estelle v. Gamble*, 429 U.S. 97 (1976) (supporting the proposition of liberal construction of *pro se* pleadings).

Rule 55(c), Fed. R. Civ. P., provides for an entry of default to be set aside upon a showing of good cause. The good cause standard used in setting aside an entry of default is less rigorous than the excusable neglect standard used in setting aside a default judgment. *Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524,528 (11th Cir. 1990). The Court has discretion in deciding whether to set aside an entry of default. *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984).

The good cause standard from Rule 55(c) is not rigidly defined and varies from situation to situation. *Compania Interamericana Export-Import v. Compania Dominicana de Avacion*, 88 F.3d 948, 951 (11th Cir. 1996); *Heaton v. Bonacker & Leigh*, 173 F.R.D. 533, 535 (M.D. Ala. 1997). The Eleventh Circuit has recognized that good cause is not susceptible to a precise formula, but some general guidelines are commonly applied. *Compania Interamericana*, 88 F.3d at 951. "Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.* Courts have held that a good faith procedural error is not willful and is good cause for setting aside an entry of default. *See, e.g., In re Johnson*, 1991 WL 11002465, Case Nos. 90-11663, 91-1068 (Bankr. S.D. Ga. Nov. 11, 1991) (finding good cause where counsel for defendant was under an erroneous impression as to when the response time began to run).

In the instant case, the Court believes good cause to set aside the Clerk's default exists because this *pro se* Defendant promptly responded to the served complaint by contacting Plaintiff's counsel with a statement of her position regarding the allegations in the complaint, and she subsequently filed a proper responsive pleading in this litigation.

Under the facts in this matter, the Court finds good cause to set aside the Clerk's default entered on May 10, 2011. The Court further finds Defendant's answer should be deemed timely filed and permitted to stand in the record, and Defendant should be given an enlargement of time within which to retain counsel to proceed in this litigation.

Accordingly, it is hereby **ORDERED:**

1. The Clerk's default shall be **set aside**.

2. Defendant's answer (Doc. #7) is **deemed timely filed**.

3. Defendant's construed motion for an enlargement of time (Doc. #8) is **GRANTED to the extent** Defendant shall have ninety (90) days within which to retain counsel to represent her in this action. Until such time as legal counsel has entered an appearance for Defendant, she shall be deemed to be proceeding *pro se.*

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of May, 2011.

Copies to:
All Counsel of Record
*Pro Se* Parties

_____
THOMAS E. MORRIS
United States Magistrate Judge